**IN THE UNITED STATES DISTRICT COURT**

**FOR THE <u>NORTHERN</u> DISTRICT OF <u>TEXAS</u>**

UNITED STATES OF AMERICA

v.

THELMA ANDERSON

<u>**Criminal No. 3:24-cr-00191-K**</u>

**MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE**

**PURSUANT TO 28 U.S.C. § 2255**

This motion presents a consolidated constitutional challenge arising from retaliatory escalation, material misrepresentation, ineffective assistance of counsel, and an actual conflict of interest that infected the proceedings and plea process. The record does not conclusively refute these claims. An evidentiary hearing is required under 28 U.S.C. § 2255(b).

## I.    INTRODUCTION

This motion presents a consolidated constitutional challenge to Petitioner's conviction and sentence pursuant to 28 U.S.C. § 2255. The prosecution followed closely after Petitioner engaged in protected speech, filed an EEOC complaint, and prevailed in an administrative proceeding against a senior prosecutorial official. Federal escalation began only after that administrative defeat and continued through sworn grand jury testimony and sustained federal engagement. Communications relating to that referral were later ordered produced but are not before this Court.

Petitioner further alleges that materially inconsistent representations concerning office policy and authorization were advanced in connection with federal proceedings, implicating due process concerns under Napue v. Illinois. These constitutional issues were never meaningfully investigated or litigated because counsel failed to pursue central referral communications, declined to file discovery or dismissal motions, and did not develop retaliatory inducement defenses prior to plea entry.

Compounding these deficiencies, counsel operated under an acknowledged conflict of interest that materially limited strategic decision-making during critical stages of the case. The cumulative effect of retaliatory escalation, unresolved misrepresentation, discovery failures, and divided loyalty altered plea leverage and foreclosed constitutional defenses that were never presented to the Court.

Because the existing record does not conclusively refute these claims, and because material factual disputes remain regarding causation, misrepresentation, and counsel performance, § 2255(b) requires an evidentiary hearing.

## II.    FACTUAL TIMELINE WITH DATE-SPECIFIC EVENTS

**March 25, 2022-** Wrongfully terminated from the District Attorney's Office by Paul Hamilton

**June 6, 2022** – Public interview with Dallas Morning News regarding discriminatory misconduct.

**June 7, 2022** – Public statements addressing misconduct within the District Attorney's Office.

**August 11, 2022** – Texas Workforce Commission Appeals Hearing; Petitioner prevailed. Immediately thereafter, escalation to federal authorities began.

**August 2022** – Paul Hamilton contacted federal agent Catherine Schwechelm concerning Petitioner.

**October 28, 2022** – Agent Schwechelm emailed Hamilton a federal grand jury subpoena.

**November 1, 2022** – Hamilton testified before the federal grand jury.

**January 23, 2023** – Hamilton responded in writing to federal inquiries regarding employment policy.

**January 25, 2023** – AUSA correspondence sought clarification regarding policy updates and authority.

**May 23, 2025** – Dallas County District Attorney's Office ordered to produce communications between Hamilton and federal authorities relating to the referral that initiated federal prosecution.

**October 2025** – Texas Office of the Attorney General determined noncompliance with the production order.

## III.  RETALIATORY PROSECUTION AND EQUAL PROTECTION

Petitioner publicly spoke on June 6 and June 7, 2022, regarding discriminatory misconduct within the District Attorney's Office and filed an EEOC complaint. On August 11, 2022, she prevailed at the Texas Workforce Commission appeals hearing. Immediately thereafter, in August 2022, Paul Hamilton contacted FBI Special Agent Catherine Schwechelm. No federal referral occurred during Petitioner's employment, prior to her public speech, prior to her EEOC filing, or prior to the administrative ruling. Federal escalation began only after Hamilton's defeat.

Under _Hartman v. Moore, 547 U.S. 250 (2006),_ retaliatory prosecution requires proof that animus induced the prosecution and that, but for that animus, prosecution would not have occurred. Prosecutorial discretion does not immunize retaliatory inducement. _Wayte_

*v. United States, 470 U.S. 598 (1985)*, and U*nited States v. Armstrong, 517 U.S. 456 (1996)*, recognize that selective or retaliatory enforcement violates equal protection when motivated by impermissible considerations.

Here, the sequence protected speech, administrative victory, immediate federal contact, escalation to grand jury subpoena (October 28, 2022), sworn testimony (November 1, 2022), and continued written engagement in January 2023 supports inducement. Referral communications later ordered produced on May 23, 2025, were not provided and are not part of this record. Their absence prevents conclusive resolution of causation under Hartman.

## IV.   DUE PROCESS – MATERIAL MISREPRESENTATION

Under *Napue v. Illinois, 360 U.S. 264 (1959)*, due process is violated when materially false or misleading testimony is used. Representations that Petitioner lacked authorization for outside employment conflict with documented October 2021 directives imposing monitoring and disclaimer conditions rather than prohibition, and with subsequent acknowledgments of outdated policy enforcement. These inconsistencies are material because they bear directly on motive and inducement.

## V.   INEFFECTIVE ASSISTANCE OF COUNSEL
**Discovery Requests:**

**June 18, 2024** (telephone request);

**June 24, 2024, at 10:53 a.m.** (email requesting AUSA source and IP address evidence); **June 24, 2024, at 2:54 p.m**. (email requesting investigation of preparer and targeting transparency);

**June 25, 2024, at 5:05 p.m.** (follow-up request). Counsel responded that discovery would be provided only if the case proceeded to trial.

**September 17, 2024 –** Follow-up request during phone call; billed for '30 discovery text messages' that were never explained or reviewed.

**January 13–21, 2025** – Counsel conducted independent inquiry into Petitioner's medical documentation without consultation, communicated with probation and third parties, accused Petitioner of fraud despite verification of validity, and acknowledged a conflict.

**June 20, 2025**, the day plea was emailed counsel instructed petitioner to self-review and sign

**June 26, 2024,** plea deadline imposed.

**November 6, 2024,** concerns expressed regarding lack of explanation; plea entered without full discovery review, without litigation of retaliatory defenses, and without resolution of counsel's conflict.

*Under Strickland v. Washington, 466 U.S. 668 (1984)*), counsel's performance was deficient and prejudicial. Beginning June 18, 2024, Petitioner requested discovery and referral documentation. Written requests followed June 24 and June 25, 2024. Counsel declined to pursue discovery, filed no motion to compel, sought no referral communications, and did not litigate retaliatory inducement.

Failure to pursue communications central to a Hartman defense falls below objective professional norms. Had these materials been subpoenaed and litigated, there is a reasonable probability that dismissal, suppression, or materially different plea leverage would have resulted. *See Lafler v. Cooper, 566 U.S. 156 (2012); Missouri v. Frye, 566 U.S. 134 (2012)*.

## VI.  ACTUAL CONFLICT OF INTEREST

Between January 13, 2025, and January 21, 2025, counsel conducted an independent investigation into Petitioner's documentation without prior consultation or authorization. During that period, counsel communicated concerns to third parties and acknowledged a conflict between her duties to the client and her duties to the tribunal. On January 21, 2025, counsel expressly recognized the existence of that conflict, and during a client conference call on January 25, 2025, counsel stated her intent to withdraw based on the divided obligations. Under *Cuyler v. Sullivan, 446 U.S. 335 (1980)*), an actual conflict that adversely affects performance warrants presumed prejudice. Strategic decisions implicating government misconduct were not pursued while counsel's loyalty was divided.

## VII. FAILURE TO INVESTIGATE MATERIAL MISREPRESENTATIONS

Counsel failed to obtain communications between state officials and federal agents, the tax accountant who submitted the loan paperwork, failed to request referral documentation, failed to investigate IP address evidence, and failed to preserve impeachment material relevant to perjury and retaliatory motive.

## VII. PREJUDICE ANALYSIS

Had counsel subpoenaed referral communications, challenged grand jury inconsistencies, and litigated retaliatory inducement, investigated the tax professional there is a

reasonable probability that dismissal or suppression would have been pursued and that Petitioner would not have entered a plea.

Because referral communications ordered produced are not before this Court, prejudice cannot be conclusively rejected under § 2255(b).

The cumulative effect of retaliatory inducement, material misrepresentation, discovery failures, and conflict altered plea leverage and foreclosed constitutional defenses. The record does not conclusively refute these claims. *Under § 2255(b*), an evidentiary hearing is required unless the record conclusively shows no entitlement to relief. It does not.

## IX. REQUEST FOR RELIEF

Petitioner respectfully requests that this Court vacate the conviction and sentence, or alternatively, grant an evidentiary hearing to resolve material factual disputes concerning retaliatory inducement, referral communications, ineffective assistance, and conflict of interest.

I declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct.

Executed on: **03/05/2026**

Thelma Anderson

Pro Se Movant