IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

THELMA MARSHELL ANDERSON,    §
          Movant,    §
                         §
v.    §    CIVIL NO. 3:26-cv-726-K
                         §    (CRIMINAL NO. 3:24-cr-191-K-1)
UNITED STATES OF AMERICA,    §
          Respondent.    §

**MEMORANDUM OPINION AND ORDER**

Before the Court is Movant Thelma Marshell Anderson *pro se* motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. Based on the relevant filings and applicable law, the Motion is **DISMISSED** without prejudice as premature.

## I.    BACKGROUND

After indictment, Anderson pled guilty under a plea agreement to one count of wire fraud, in violation of 18 U.S.C. § 1343. *See* Crim. Dkt. Nos. 1, 13, 14, 18, 20, 21. By judgment entered March 5, 2025, the Court sentenced her to four years of probation and to pay restitution in the amount of $20,871.00. *See* Crim. Dkt. No. 29.

Anderson timely filed a direct appeal on March 31, 2025. *See* Crim. Dkt. No. 31. Although the appeal was initially dismissed for want of prosecution, it was reinstated and counsel was appointed to represent Anderson in the appeal. *See* Crim. Dkt. Nos. 33, 36, 37. The direct appeal is currently pending in the United States Court of Appeals for the Fifth Circuit. *See United States v. Anderson*, No. 25-10467 (5th Cir.).

Anderson then filed this motion seeking habeas relief under 28 U.S.C. § 2255. *See* Dkt. No. 1.

II.     SECTION 2255

"Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Gaudet*, 81 F.3d 585, 589 (5th Cir. 1996) (citations and internal quotation marks omitted). It has been repeatedly established that a "collateral challenge may not do service for an appeal." *United States v. Shaid*, 937 F.2d 228, 231 (5th Cir. 1991) (quoting *United States v. Frady*, 456 U.S. 152, 165 (1982)).

"It is a jurisdictional requirement of § 2255 that the conviction and sentence being challenged are final." *United States v. Clark*, 816 F.3d 350, 362 (5th Cir. 2016) (citing *Jones v. United States*, 453 F.2d 351, 352 (5th Cir. 1972) (per curiam)). A § 2255 motion therefore is "not entitled to consideration on the merits" when an appeal of the challenged conviction and sentence remains pending. *Jones* 453 F.2d at 352; *see also United States v. Bernegger*, 661 F.3d 232, 241 (5th Cir. 2011) (per curiam) ("A defendant cannot collaterally attack his conviction until it has been affirmed on direct appeal."). This is because "the disposition of the appeal may render the [§ 2255] motion moot." *United States v. Fantozzi*, 90 F. App'x 73, 74 (5th Cir. 2004) (per curiam) (quoting *Welsh v. United States*, 404 F.2d 333, 333 (5th Cir. 1968), *abrogated on other grounds by United States v. Ortega*, 859 F.2d 327, 334 (5th Cir. 1988)).

A review of the docket for Anderson's direct appeal shows that appellate counsel filed a brief under *Anders v. California*, 386 U.S. 738 (1967), on December 18, 2025. *See Anderson*, No. 25-10467, Dkt. No. 54 (5th Cir. Dec. 18, 2025). But the Fifth Circuit

2

has not dismissed Anderson's direct appeal. As such, Anderson's conviction and sentence are not yet final for purposes of § 2255. *See, e.g., United States v. Redd*, 562 F.3d 309, 311 (5th Cir. 2009) (recognizing that "[f]inality attaches when [the Supreme] Court affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires." (cleaned up)). Because Anderson's conviction and sentence are not yet final, her premature Motion is not ripe for consideration on the merits and is subject to dismissal without prejudice to her re-filing, if necessary, once her conviction and sentence become final. *See United States v. Zuniga-Salinas*, 945 F.2d 1302, 1306 n.1 (5th Cir. 1991).

## III.   CONCLUSION

For the foregoing reasons, the Court **DISMISSES** Movant Thelma Marshell Anderson's motion without prejudice as premature.

SO ORDERED.

Signed March 24th, 2026.   _____

ED KINKEADE
UNITED STATES DISTRICT JUDGE

3